UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEYWANIE S. BRIDGEWATER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>RAYMOND E. FULLER,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cv-00961-LK<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

This matter comes before the Court sua sponte. United States Magistrate Judge Brian A. Tsuchida granted pro se Plaintiff Keywanie Bridgewater's application to proceed *in forma pauperis* ("IFP") but recommended that the Court review her complaint under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 3 at 1. Having reviewed the complaint, the record, and the applicable law, the Court dismisses Ms. Bridgewater's complaint without prejudice. She may file an amended complaint within 30 days correcting the deficiencies identified below.

## I. BACKGROUND

Ms. Bridgewater's handwritten complaint is both difficult to read and to understand. From what the Court can gather, she is suing Raymond Fuller, whom she identifies as a family member, hairdresser, and her ex-husband. Dkt. No. 4 at 1, 9. She asserts claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) based on the "rights to divorce and separation[.]" *Id.* at 4–5.

## II. DISCUSSION

The Court must dismiss an IFP plaintiff's case "at any time" if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (section 1915(e) applies to all IFP complaints, not just those filed by prisoners). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). And the standard for determining whether a plaintiff has failed to state a claim under section 1915(e) is the same as the standard applied under Federal Rule of Civil Procedure 12(b)(6). *Id*. Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a claim under Section 1983, plaintiffs must show (1) that they suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Similarly, to state a *Bivens* claim, plaintiffs must allege the same elements against federal employees acting under color of federal

law. *Morgan v. United States*, 323 F.3d 776, 780 (9th Cir. 2003); *see also Egbert v. Boule*, 142 S. Ct. 1793 (2022). In either case, plaintiffs must "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Ms. Bridgewater has not alleged that her constitutional rights were violated or, if so, specified how they were violated. Nor has she alleged that Mr. Fuller acted under color of state or federal law. Her complaint therefore fails to state a claim on which relief can be granted and must be dismissed under Section 1915(e)(2)(B).[1]

The Court will permit Ms. Bridgewater an opportunity to cure the deficiencies in her complaint. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (cleaned up)); *Yuzhou Peng v. Microsoft Corp.*, No. 2:19-CV-639-RAJ, 2019 WL 6310558, at *2 (W.D. Wash. Nov. 25, 2019) (leave to amend "must be granted with extreme liberality"). Accordingly, the Court grants Ms. Bridgewater 30 days to file an amended complaint. If she fails to timely file an amended complaint correcting the identified deficiencies, the Court will dismiss this action with prejudice.

### III.  CONCLUSION

The Court DISMISSES Ms. Bridgewater's complaint without prejudice and with leave to amend within 30 days of the date of this Order.

---

[1] The Court emphasizes that federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (e.g., residents of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. To the extent this lawsuit relates to domestic relations or other matters of state law, these issues are properly addressed in state court. *See* Dkt. No. 4 at 5–7 (among illegible content, listing "the rights to divorce and separation" several times); *id.* at 9 (mentioning domestic violence); *id.* at 15 (mentioning divorce and separation and restraining order for "threats and fighting"); *see generally Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581 (1979) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.") (quoted case omitted).

Ms. Bridgewater shall, within thirty (30) days of the date of this Order, file an amended complaint that provides a short and plain statement of the factual basis for each of the claims as required by Federal Rule of Civil Procedure 8. Ms. Bridgewater is advised that an amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Bridgewater believes support each claim, and the specific relief requested. If a proper amended complaint is not filed within thirty (30) days of the date of this Order, this action will be dismissed with prejudice.

Dated this 5th day of July, 2023.

Lauren King
United States District Judge